UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joel Steinmetz,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>Glass Mountain Capital, LLC; LVNV Funding, LLC;<br>Defendants. | Case No.: 1:21-cv-5982<br><br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joel Steinmetz brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Glass Mountain Capital, LLC ("Glass Mountain") and LVNV Funding, LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Glass Mountain is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Glass Mountain has a service address at Corporation Service Company, 80 State Street, Albany, NY 12207 – 2543.

10. Upon information and belief, Defendant Glass Mountain is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. LVNV has a service address at Corporation Service Company, 80 State Street, Albany, NY 12207 – 2543.

13. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant Glass Mountain sent an initial collection letter;

    c. on behalf of Defendant LVNV;

    d. attempting to collect a consumer debt;

    e. that states a zero-balance for interest amount or fees;

    f. although the total balance actually includes interest or fees, respectively; and

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to May 14, 2021, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank.

25. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

26. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. According to the letter described below, LVNV acquired the account.

29. Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

30. According to the letter described below, LVNV is collecting the debt through Glass Mountain.

31. Defendant Glass Mountain collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - May 14, 2021 Collection Letter*

32. On or about May 14, 2021, Defendant Glass Mountain on behalf of LVNV sent Plaintiff an initial collection letter regarding the alleged debt, allegedly originally owed to Synchrony Bank. See Letter attached as Exhibit A.

33. The collection letter states:

      Total Balance Due: $669.45
      Total Interest: $0.00
      Total Fees: $0.00
      Total Paid: $0.00

34. The letter lists the interest as $0.00.

35. The letter lists the total paid as $0.00.

36. The letter lists fees as $0.00.

37. The letter then states that the total balance due is $669.45.

38. However, these amounts are false or deceptive.

39. In fact, the alleged "Total Balance Due" includes interest and/or fees.

40. The alleged "Total Balance Due" has been impacted by payments that were made.

41. The amount of interest due on the debt is more than zero dollars.

42. The amount of fees due on the debt is more than zero dollars.

43. Payments made on the alleged debt were more than zero dollars.

44. To state that there is no interest or fees are owed is therefore false, deceptive and unfair.

45. Plaintiff was uncertain of the correct balance.

46. Plaintiff was uncertain how much, if any, of that amount is attributable to interest or fees.

47. Plaintiff was uncertain of the correct balance for interest and fees.

48. Plaintiff was misled as to his rights.

49. Defendants deceptively tried to make it appear that nothing was owed for interest or fees to make it appear that the balance consisted only of principal.

50. A debtor is more likely to be willing to pay principal only.

51. A debtor is mor reluctant to pay for fees or interest.

52. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

53. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

54. Plaintiff also knows that the interest and fees balances are not both zero.

55. Plaintiff also knows payments were made on the account.

56. Plaintiff was therefore unable to make a payment on the debt.

57. Due to Defendants' actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

58. Plaintiff was unable to evaluate his options of how to handle this debt.

59. Plaintiff was therefore unable to make a payment on the debt.

60. Plaintiff was unable to pay because he does not know what comprises the actual balance.

61. Plaintiff cannot pay the alleged debt, trusting Defendants, when it appears that the amounts stated in Defendants' letter are incorrect.

62. Because of this, Defendant expended time and money in determining the proper course of action.

63. In addition, Defendant suffered emotional harm due to Defendant's improper acts.

64. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

67. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

68. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

69. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

70. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

71. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

72. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

73. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

74. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.***

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

77. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78. Defendants violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by stating a zero-balance owed for interest and fees when the actual balance included interest and/or fees; and stating no payments were made;

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

79. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

80. Plaintiff repeats the above allegations as if set forth here.

81. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

82. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

83. Defendants violated this section by unfairly stating that no interest or fees were owed, when in fact one or both were allegedly owed, and that no payments were made.

84. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et seq.

85. Plaintiff repeats the above allegations as if set forth here.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

87. Pursuant to 15 U.S.C. § 1692g and initial collection communication must contain certain information, including "the amount of the debt".

88. Defendant violated this section by improperly stating the component parts of the alleged debt, as described above.

89. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

90. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joel Steinmetz, individually and on behalf of all others similarly situated, demands judgment from Defendants Glass Mountain and LVNV as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

  c)  Awarding Plaintiff and the Class actual damages;

  d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  e)  Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 27, 2021        Respectfully submitted,

                   **Stein Saks PLLC**

                   s/ Eliyahu Babad
                   By:  Eliyahu Babad, Esq.
                   One University Plaza, Suite 620
                   Hackensack, NJ 07601
                   Phone: (201) 282-6500 ext. 121
                   Fax: (201) 282-6501
                   EBabad@SteinSaksLegal.com

                   *Attorneys for Plaintiff*